UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLY MIDDLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-cv-01495-MTS |
| ) | |
| THE CITY OF ST. LOUIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Dismiss. Doc. [14]. The Motion is not well taken. Contrary to Defendants' position, Plaintiff was not required to cite to "binding law in his Complaint." Doc. [14-1] at 3. It is well settled that a complaint in federal court need not state a legal theory. *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam); *see also Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997) (explaining that "matching facts to a legal theory was an aspect of code pleading interred in 1938 with the adoption of the Rules of Civil Procedure"). Nor was Plaintiff required to plead facts establishing a prima facie case under *McDonnell Douglas*.[1] *Compare* Doc. [14-1] at 3–4, *and* Doc. [22] at 2–4, *with Wilson v. Ark. Dep't of Hum. Servs.*, 850 F.3d 368, 372 (8th Cir. 2017) ("'[I]t is not appropriate to require a plaintiff to plead facts establishing a prima facie case' under *McDonnell Douglas*." (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002))).

---

[1] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

Plaintiff needed only to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[A] complaint that states a plausible claim for relief survives a motion to dismiss."). While Plaintiff's Complaint might be somewhat close to the line between possibility and plausibility, it has stated a plausible claim for relief. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561–63 (2007) (noting that a well-pleaded complaint may proceed even if "recovery is very remote and unlikely").[2] For this reason, the Court will deny Defendants' Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File out of Time, Doc. [21], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, Doc. [14], is **DENIED**.

Dated this 28th day of April 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's reliance on *Strand v. Diversified Collection Services, Inc.*, 380 F.3d 316, 317 (8th Cir. 2004), for the proposition that a motion to dismiss "should be granted 'only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief'" is misplaced. *See* Doc. [21-1] at 2. The Court of Appeals for the Eighth Circuit decided *Strand* years before the Supreme Court's opinions in *Twombly* and *Iqbal*. *Strand* accurately described the permissive pleading regime of *Conley v. Gibson*, but *Twombly* ended that regime. *See Conley v. Gibson*, 355 U.S. 41, 42 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561–63 (2007); *see also Lewis v. Chrysler Motors Corp.*, 456 F.2d 605, 607 (8th Cir. 1972) (endorsing Professor Wright's "insuperable bar to relief" interpretation of *Conley*). That proposition from *Strand* is no longer good law.